UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TRACY MATTHEWS,

                        Plaintiff,                      07 Civ. 6281 (SAS)

    -against-

                                                ANSWER

TINO HERNANDEZ, as Chairman of the
New York City Housing Authority, and
the NEW YORK CITY HOUSING
AUTHORITY,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendants New York City Housing Authority and its Chairman, Tino Hernandez (collectively, the "Housing Authority"), by their attorney Ricardo Elias Morales, General Counsel, answer the complaint as follows:

       1. Deny the allegations of paragraph 1, except admit, on information and belief, that plaintiff and his sister occupy a public housing apartment, and that the Housing Authority terminated the tenancy of plaintiff's mother on default and denied her request to open the default.

       2. Deny the allegations of paragraph 2, except admit a holdover proceeding is currently pending in Civil Court, Bronx County, against plaintiff's mother, Lavette Singleton, as tenant of record of the apartment.

       3. Admit the allegations of paragraph 3.

       4. Deny the allegations of paragraph 4, except admit plaintiff purports to bring suit under the provisions cited.

       5. Admit the allegations of paragraph 5.

       6. Admit the allegations of paragraph 6.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, except admit, on information and belief, that plaintiff and his sister reside in the apartment, and that plaintiff is an authorized household member.

8. Admit the allegations of paragraph 8.

9. Admit the allegations of paragraph 9.

10. Deny the allegations of paragraph 10, and respectfully refer the Court to the Fourteenth Amendment to the United States Constitution for a complete statement of its contents and an accurate interpretation thereof.

11. Deny the allegations of paragraphs 11 through 20, and respectfully refer the Court to the federal statutes and regulations referred to therein for a complete statement of their contents and an accurate interpretation thereof.

12. Deny the allegations of paragraph 21, and respectfully refer the Court to Department of Justice advisories for a complete statement of their contents and an accurate interpretation thereof.

13. Deny the allegations of paragraphs 22 through 24, and respectfully refer the Court to the federal statutes referred to therein for a complete statement of their contents and an accurate interpretation thereof.

14. Deny the allegations of paragraphs 25 and 26, and respectfully refer the Court to the federal statutes referred to therein for a complete statement of their contents and an accurate interpretation thereof.

15. Deny the allegations of paragraph 27, except admit the allegations of paragraph 27 that the Housing Authority's Termination of Tenancy Procedures ("Procedures") were adopted pursuant to the <u>Escalera</u> consent decree, and respectfully

refer the Court to the Procedures and to 24 C.F.R. § 966.55(2)(b)(1) for a complete statement of their contents and an accurate interpretation thereof.

16. Deny the allegations of paragraph 28, and respectfully refer the Court to ¶ 4 of the Procedures for a complete statement of its contents and an accurate interpretation thereof.

17. Deny the allegations of paragraph 29, and respectfully refer the Court to ¶ 6(a) of the Procedures and to 24 C.F.R. § 966.53(c)(4) for a complete statement of their contents and an accurate interpretation thereof.

18. Deny the allegations of paragraphs 30 through 33, and respectfully refer the Court to the portions of the Procedures referred to therein for a complete statement of their contents and an accurate interpretation thereof.

19. Deny the allegations of paragraph 34.

20. Deny the allegations of paragraphs 35 through 40, and respectfully refer the Court to GM-3630 for a complete statement of its contents and an accurate interpretation thereof.

21. Deny the allegations of paragraphs 41 through 43, and respectfully refer the Court to the Housing Authority's Management Manual for a complete statement of its contents and an accurate interpretation thereof.

22. Admit the allegations of paragraph 44 on information and belief.

23. Deny the allegations of paragraph 45, except admit plaintiff's mother, Lavette Singleton, is the signatory to the lease.

24. Deny the allegations of paragraph 46, except deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding

Singleton's alleged illness or the whereabouts or prosecution status of the unnamed resident referred to therein, and admit, on information and belief, that one of Singleton's sons was murdered in 2002.

25. Deny the allegations of paragraph 47, except admit the allegation that the Office of the United States Attorney for the Southern District of New York wrote a letter to the Housing Authority dated January 30, 2003, and respectfully refer the Court to that letter for a compete statement of its contents and an accurate interpretation thereof.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

27. Deny the allegations of paragraph 49, except admit that Singleton has not transferred apartments since 2002, and that the Housing Authority commenced a termination of tenancy proceeding against her in 2003 for non-verifiable income and breach of rules and regulations.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, except admit the allegations that Singleton applied to vacate her default; the Housing Authority granted her application and scheduled a new hearing date of October 20, 2004; and Singleton defaulted on October 20, 2004.

29. Deny the allegations of paragraph 51, except admit that Singleton's tenancy was terminated on default after her second failure to appear for her rescheduled hearing, and respectfully refer the Court to the hearing officer's decision for a complete statement of its contents and an accurate interpretation thereof.

30. Admit the allegations of paragraph 52.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

32. Deny the allegations of paragraph 54, except admit the Housing Court referred Singleton to APS in or about December 2005, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding APS's responsibilities.

33. Deny the allegations of paragraph 55, except admit the New York City Human Resources Administration paid Singleton's arrears in or about December 2005; the nonpayment proceeding was discontinued in or about January 2006; and Singleton was restored to possession of the apartment.

34. Admit the allegations of paragraph 56.

35. Deny the allegations of paragraph 57, except admit that by application dated February 27, 2007, Singleton moved to vacate her October 2004 default, and respectfully refer the Court to Singleton's application for a complete statement of its contents and an accurate interpretation thereof.

36. Admit the allegations of paragraph 58.

37. Deny the allegations of paragraph 59, except admit that there were numerous adjournments in the holdover proceeding.

38. Deny the allegations of paragraph 60, except admit that the hearing officer denied Singleton's application to vacate by determination dated June 22, 2006.

39. Deny the allegations of paragraph 61.

40. Admit the allegations of paragraph 62.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

42. Deny the allegations of paragraph 64, except admit the allegations that Singleton submitted an affidavit in the holdover proceeding, dated December 6, 2006, seeking to vacate the default judgment, and that a court date was set for January 10, 2007, and deny knowledge or information sufficient to form a belief as to documentation, if any, that Singleton attached to the December 6, 2006 affidavit.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65, except admit the allegations that the Housing Court referred Singleton for APS evaluation on or about December 7, 2006; and that APS found Singleton ineligible for protective services.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, except admit, on information and belief, the allegations that plaintiff and his minor sister currently reside in the apartment.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67, except admit the allegation that the Housing Court sent a fax to the Bronx office of APS on January 9, 2007.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68, except admit the allegations that there was a January 10, 2007 court date in the holdover proceeding; the date was adjourned to January 22, 2007, at which time Singleton did not appear; and the Housing Court vacated all stays of eviction, ordering the marshal to notify APS prior to eviction.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69, and aver that plaintiff, alone or with others, filed at least two orders to show cause in Housing Court in February 2007, one of which was denied, and admit that the Housing Court scheduled a court date for March 7, 2007.

48. Admit the allegations of paragraph 70 on information and belief.

49. Deny the allegations of paragraph 71, except admit the allegation that there have been additional adjournments in the holdover proceeding.

50. Deny the allegations of paragraph 72, except admit Steven Rappaport was contacted on or about June 21, 2007 regarding Singleton.

51. Deny the allegations of paragraph 73, except admit on information and belief that plaintiff and his sister reside in the apartment.

52. Admit the allegations of paragraph 74.

53. Deny the allegations of paragraph 75.

54. Deny the allegations of paragraph 76.

55. Deny the allegations of paragraphs 77 through 80, and respectfully refer the Court to the statutes referred to therein for a complete statement of their contents and an accurate interpretation thereof.

### FIRST AFFIRMATIVE DEFENSE

56. The Court lacks subject matter jurisdiction over this action because plaintiff lacks standing to pursue the claims he asserts.

### SECOND AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

58. The Housing Authority complied with all applicable state and federal law and regulations, with the New York State and United States Constitutions, and with its own policies and procedures, with respect to Singleton's tenancy, including, but not limited to, the termination of that tenancy.

**FOURTH AFFIRMATIVE DEFENSE**

59. The complaint fails to state a claim upon which relief may be granted.


WHEREFORE, defendants New York City Housing Authority and its Chairman, Tino Hernandez, demand judgment dismissing the complaint in its entirety, and for such other relief as this Court may deem proper, including costs and attorney's fees.

Dated: New York, New York
September 7, 2007

                      RICARDO ELIAS MORALES
                      General Counsel
                      New York City Housing Authority
                      Attorney for Defendants
                      250 Broadway, 9th floor
                      New York, New York  10007
                      (212) 776-5212

            By:              /s/
                      Rosanne R. Pisem, Of Counsel (RP 1817)

TO:   Edward Josephson, Esq.
        Legal Services for New York City
        Attorney for Plaintiff
        350 Broadway
        New York, New York  10014
        (718) 237-5538